## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SHARENA KING, individually and on behalf of similarly situated individuals, | |
| Plaintiff, | Case No. 1:21-cv-2774 |
| v. | |
| PEOPLENET CORPORATION, a Georgia corporation, | |
| Defendant. | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant PeopleNet Corporation ("PeopleNet"), through counsel, hereby removes this case from the Circuit Court of Cook County, Illinois to the U.S. District Court for the Northern District of Illinois, Eastern Division. In support of removal, PeopleNet states as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). This is a class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and one defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2. Removal to this Court is proper because the U.S. District Court for the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, County Department, Chancery Division, where Plaintiff filed this action. *See* 28 U.S.C. §§ 93(a)(1), 1442(a).

**STATE COURT ACTION**

3. On April 2, 2021, Plaintiff Sharena King filed a putative Class Action Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division (Case No. 2021-CH-01602), alleging that PeopleNet violated Illinois's Biometric Information Privacy Act ("BIPA"), 740 ILCS 41/1, *et seq*. *See* **Exhibit A**, attached hereto.

4. Plaintiff alleges that PeopleNet collected and stored her biometrics through its "biometric timekeeping technology," and that PeopleNet "failed to make publicly available any biometric retention or destruction policy" or "obtain informed written consent from Plaintiff to use her biometrics, all in violation of BIPA." *Id.* ¶¶ 21, 26. Plaintiff further alleges that she brought this action "for statutory damages and other remedies as a result of [PeopleNet's] conduct in violating her biometric privacy rights under BIPA." *Id.* ¶ 10.

5. Plaintiff claims PeopleNet violated BIPA by: (1) "maintain[ing] custody and control" of Plaintiff's biometrics while "fail[ing] to make publicly available any biometric data retention and destruction policy," in alleged violation of BIPA Section 15(a), *id.* ¶¶ 40–41; (2) collecting Plaintiff's biometrics without providing the requisite notice and obtaining Plaintiff's written release, in alleged violation of BIPA Section 15(b), *id.* ¶ 43; and (3) "profit[ing]" by using Plaintiff's biometrics, in alleged violation of BIPA Section 15(c), *id.* ¶ 54.

6. Plaintiff requests, on behalf of herself and the class, an order awarding: injunctive relief by requiring PeopleNet to comply with BIPA, *id.* ¶ 14; statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2), *id.* ¶¶ 10, 14, 47;

statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1), *id.*; and reasonable attorneys' fees and costs pursuant to 740 ILCS 14/20(3), *id.* ¶ 14.[1]

7. On April 26, 2021, Plaintiff served a copy of the Complaint and Summons on PeopleNet. *See* Ex. A.

8. Plaintiff also appears to have filed a Motion for Class Certification in the Circuit Court of Cook County on April 6, 2021, though PeopleNet was not served with this motion. *See* **Exhibit B**, attached hereto (Cook County Clerk of the Circuit Court, Electronic Docket Search, Case Information Summary for Case Number 2021-CH-01602 (May 21, 2021)). No further proceedings have occurred in the state court action. *See id.*

## TIMELINESS

9. Removal is timely because PeopleNet filed this Notice within thirty days of service of the Complaint, which was on April 26, 2021. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

10. This Court has original jurisdiction under CAFA because (a) the putative class includes more than 100 members; (b) there is minimal diversity of citizenship; and (c) the amount in controversy exceeds $5 million.

### CLASS SIZE

11. The class Plaintiff seeks to represent includes more than 100 members. The proposed class includes "[a]ll individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of

---

[1] The copy of Plaintiff's Complaint served on PeopleNet is missing page 11, which appears to contain most of Plaintiff's Prayer for Relief. *See* Ex. A at pp. 10, 12. Plaintiff's requested relief summarized in Paragraph 6 is based on allegations appearing elsewhere in the Complaint.

[PeopleNet] within the state of Illinois at any time within the applicable limitations period." Ex. A ¶ 28.

12. Plaintiff alleges "[o]n information and belief" that "there are thousands of members of the Class." *Id.* ¶ 30. Solely for the purposes of removal, and without conceding that Plaintiff or the class is entitled to any relief, PeopleNet assumes Plaintiff's allegation that the proposed class includes "thousands of members" is true. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[D]efendant may rely on the estimate of the class number set forth in the complaint.").

## MINIMAL DIVERSITY OF CITIZENSHIP

13. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. Plaintiff is a resident and citizen of Illinois. Ex. A ¶ 16.

15. Plaintiff alleges that PeopleNet is a Delaware corporation with its principal place of business in Boston, Massachusetts. *Id.* ¶ 15. This is incorrect, but the error is immaterial for diversity purposes: PeopleNet is a Georgia corporation with its principal place of business in Boston, Massachusetts. A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, PeopleNet is a citizen of Georgia and Massachusetts for diversity purposes.

16. Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See, e.g., Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity under CAFA existed when class representative was Illinois citizen and defendant was Delaware corporation with principal place of business in Arizona).

4

**AMOUNT IN CONTROVERSY**

17. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

18. To demonstrate that the amount in controversy requirement is met, PeopleNet need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014) (defendant's good-faith estimate of the amount in controversy is sufficient for removal purposes).

19. PeopleNet denies the merits of Plaintiff's claims and denies that Plaintiff and the putative class are entitled to any monetary or other relief. Solely for purposes of CAFA jurisdiction, however, the amount in controversy exceeds $5 million.

20. Plaintiff alleges "knowing and willful" violations of BIPA, Ex. A ¶ 47, which carry statutory damages of $5,000 "per violation." *See* 740 ILCS 14/20. Plaintiff also alleges at least three separate BIPA "violations" in Count I (violations of Sections 15(a)–(c)). Ex. A ¶¶ 41, 43, 45. Based purely on the Complaint's allegations (which PeopleNet denies), and assuming an aggregate class size of only 500 (far less than the alleged class size of "thousands of members," *id.* ¶ 30), if each class member is entitled to recover for three "violations," recovery of greater than the $5 million jurisdictional threshold is legally possible (*i.e.*, 500 class members x $5,000

5

statutory damages x 3 violations = $7,500,000).[2] *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citation omitted).

### ARTICLE III STANDING

21. Standing exists under Article III of the U.S. Constitution for all three of Plaintiff's BIPA claims. *First*, standing exists for Plaintiff's Section 15(a) claim. In *Fox v. Dakkota Integrated Systems, LLC*, the Seventh Circuit held that a plaintiff alleges an injury in fact for standing purposes when the plaintiff alleges a defendant "violat[ed] the full range of its section 15(a) duties by failing to develop, publicly disclose, *and comply with* a data-retention schedule and guidelines for the permanent destruction of biometric data when the initial purpose for collection ends." 980 F.3d 1146, 1154 (7th Cir. 2020) (emphasis in original). Here, Plaintiff alleges that BIPA "requires that private entities in possession of biometric data establish and maintain a biometric data and—importantly—deletion policy." Ex. A ¶ 38. Plaintiff further alleges that PeopleNet "failed to make publicly available any biometric data retention and destruction policy," "maintains custody and control of the biometric information it possesses on its servers," and "has violated Plaintiff's substantive state rights to biometric privacy." *Id.* ¶¶ 27, 40–41.

22. Fairly read, these allegations amount to a concrete and particularized injury for Article III purposes because they reasonably suggest that PeopleNet failed to develop ***and follow*** a biometric retention schedule. *See Fox*, 980 F.3d at 1154–55 (explaining that BIPA recognizes a substantive right to privacy in a person's biometric data, and unlawful retention of that data is a

---

[2] PeopleNet includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiff's allegations are correct. PeopleNet also does not concede that class members can recover for three separate BIPA violations.

6

concrete and particularized injury). The allegations here are similar to those in *Kalb v. Gardaworld Cashlink LLC*, Case No. 1:21-cv-01092, 2021 WL 1668036, at *3 (C.D. Ill. Apr. 28, 2021), where the court held that references to deletion policies "reasonably suggest[ed] [d]efendant has unlawfully retained [plaintiff's] data."

23. *Second*, the Seventh Circuit's decision in *Bryant v. Compass Group, Inc.* makes clear that standing exists for Plaintiff's Section 15(b) claim. *See Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30, 2020) ("Compass's failure to abide by the requirements of section 15(b) before it collected Smart Market users' fingerprints denied Bryant and others like her the opportunity to consider whether the terms of that collection and usage were acceptable given the attendant risks. . . . This deprivation is a concrete injury-in-fact that is particularized to Bryant. She thus meets the requirements for Article III standing on her section 15(b) claim.").

24. *Third*, standing exists for Plaintiff's Section 15(c) claim, which is based on PeopleNet allegedly using Plaintiff's biometrics to "obtain[] a competitive advantage over other timekeeping vendors and secure[] profits from its use of biometric data." Ex. A ¶ 45. Plaintiff alleges that PeopleNet's purported BIPA violations led to "the actual injuries the Illinois legislature sought to prevent." *Id.* ¶ 13; *cf. Thornley v. Clearview AI, Inc.*, 84 F.3d 1241, 1246 (7th Cir. 2021) (plaintiffs did not have Article III standing where plaintiffs specifically alleged that they suffered no injury from defendant's alleged Section 15(c) violations). The Seventh Circuit noted, "[w]e have no quarrel with the idea that a different complaint might reflect that type of equivalence. A plaintiff might assert, for example, that by selling her data, the collector has deprived her of the opportunity to profit from her biometric information. Or a plaintiff could assert that the act of selling her data amplified the invasion of her privacy that occurred when the data was first

7

collected, by disseminating it to some unspecified number of other people." *Id.* Plaintiff alleges injuries of this kind in the Complaint.

## NOTIFICATIONS

25. PeopleNet will promptly provide written notice to Plaintiff, through counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

26. PeopleNet will file a copy of its Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

27. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and PeopleNet reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

28. PeopleNet reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

## **CONCLUSION**

For the foregoing reasons, this action is properly removed to this Court.

DATE: May 21, 2021

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington
Gregory T. Fouts
Tyler Z. Zmick
77 West Wacker Drive, Suite 500
Chicago, IL 60601
T: (312) 324-1445
F: (312) 324-1001
beth.herrington@morganlewis.com
gregory.fouts@morganlewis.com
tyler.zmick@morganlewis.com

*Counsel for Defendant PeopleNet Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of May, 2021, I caused a true and correct copy of the foregoing **Notice of Removal** to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

Timothy P. Kingsbury
Brendan J. Duffner
Steven R. Beckham
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
bduffner@mcgpc.com
sbeckham@mcgpc.com

/s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington