# EXHIBIT A



# Service of Process Transmittal
04/26/2021
CT Log Number 539441794

| | |
|---|---|
| **TO:** | Samantha A Krasner<br>Bullhorn, Inc.<br>100 SUMMER ST FL 17<br>BOSTON, MA 02110-2106 |
| **RE:** | **Process Served in Georgia** |
| **FOR:** | Peoplenet Corporation  (Domestic State: GA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sharena King, individually and on behalf of a class, Pltf. vs. Peoplenet Corporatiion, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CH01602 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/26/2021 at 11:30 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780114358074<br><br>Image SOP<br><br>Email Notification,  Samantha A Krasner  samantha.krasner@bullhorn.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / SS

13039792

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

Summons - Alias Summons                                        (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Sharena King, individually and on behalf of a class,

Plaintiff(s)

v.

PeopleNet Corporation

Case No. 2021-CH-01602

Defendant(s)

c/o C T Corporation System
289 S. Culver St, Lawrenceville, GA 30046-4805

Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail   ○ Sheriff Service   ⦿ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

**THERE WILL BE A FEE TO FILE YOUR APPEARANCE.**

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 56618
○ Pro Se 99500
Name: Steven R. Beckham
Atty. for (if applicable): Plaintiff
Address: 55 W. Wacker Dr., 9th FL.
City: Chicago
State: IL  Zip: 60601
Telephone: (312)-893-7002
Primary Email: SBeckham@mcgpc.com

4/21/2021 1:37 PM IRIS Y. MARTINEZ
Witness date _____

_____
IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail:

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 3

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info: (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info: (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info: (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info: (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info: (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info: (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info: (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info: (708) 232-4551

Return Date: No return date scheduled
Hearing Date: 8/3/2021 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
        Cook County, IL

Case: 1:21-cv-02774 Document #: 1-1 Filed: 05/21/21 Page 6 of 16 PageID #:16

12-Person Jury

FILED
4/2/2021 6:18 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH01602

12818919

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

SHARENA KING, individually and on )
behalf of similarly situated individuals, )
)
*Plaintiff*, ) No. 2021CH01602
)
v. ) Hon.
)
PEOPLENET CORPORATION, a ) **Jury Trial Demanded**
Delaware corporation, )
)
*Defendant*. )
_____ )

## CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Sharena King ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings her Class Action Complaint against Defendant PeopleNet Corporation ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows based on personal knowledge as to her own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

## INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and hand geometry. 740 ILCS 14/10.

2. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

3. Under BIPA, biometric information is treated and regulated the same as biometric identifiers.

1

4. Defendant is a vendor of time and attendance solutions to Illinois employers, and provides its clients with biometrically-enabled devices and technology in order to perform workforce managment services on their behalf, such as timekeeping and work-scheduling services.

5. Defendant's technology captures the biometric identifiers of its clients' employees and transmits information and data derived from those biometric identifiers directly to Defendant's cloud-based time and attendance systems. This information that Defendant receives and possesses is generated and derived from the scanning of Plaintiff's and other Class members' biometric identifiers. Thus, Defendant obtains and possesses *biometric information*.

6. BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner from which it was converted, or is converted or stored, unless they first:

   a. inform that person in writing that biometric identifiers or biometric information will be collected or stored;

   b. inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

   c. receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

7. BIPA also requires private entities in possession of biometric information to develop a publicly-available written policy outlining the storage and destruction policies of such

2

biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

8. Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information. 740 ILCS 14/15(c).

9. Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," 740 ILCS 14/5, and therefore require special treatment compared to other types of personal information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. "Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

10. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating her biometric privacy rights under BIPA.

11. Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or through a prominently featured notice affixed to a biometric-enabled device.

12. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

13. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

14. On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to

the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

15. Defendant PeopleNet Corporation is a corporation organized under the laws of the state of Delaware. Defendant's principal place of business is in Boston, Massachusetts. Defendant is a vendor of cloud-based timekeeping and attendance-tracking products and services, and sells such products and services to clients located in Illinois.

16. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois.

## JURISDICTION AND VENUE

17. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions.

18. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County and thus resides there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County.

## FACTUAL ALLEGATIONS

19. Defendant is a leading provider of cloud-based time and attendance workforce management solutions. As part of its business model, Defendant provides its client employers with biometric-enabled timekeeping hardware, such as fingerprint and facial recognition scanners, which are linked to cloud-based systems hosted on Defendant's servers.

20. Accordingly, when an end-user of Defendant's biometric-enabled technology interacts with the technology, for example by scanning face using one of Defendant's facial-

4

scanning timeclocks, the data generated is transmitted to Defendant for storage and authentication purposes.

21. Since 2006, Defendant has provided biometric timekeeping technology and services, including cloud-based services, to Paramount Staffing, Inc., a corporation organized under the laws of the state of Illinois with its principal place of business in Northbrook, Illinois.

22. Defendant collects, stores, and otherwise uses information and data generated from the biometric timekeeping systems it provided to Paramount Staffing, Inc., as well as other clients in Illinois, in order to conduct employee management, authentication, and timekeeping services for them.

23. During the relevant time period, Plaintiff worked for Paramount Staffing, Inc., in Chicago, Illinois.

24. During her employment with Defendant's client, Paramount Staffing, Inc., Plaintiff was required to scan her biometric identifiers, *i.e.* her facial geometry, into one of Defendant's biometric-enabled timekeeping devices each time she clocked in or clocked out of a shift at work.

25. Each time Plaintiff scanned her facial geometry into Defendant's timeclock, the timeclock collected her biometric identifiers, and converted them to an electronic format *derived from* those identifiers, i.e. biometric information. Defendant's timeclock then transmitted Plaintiff's biometric information to Defendant and/or Defendant's servers used to operate Defendant's cloud-based employee-management services.

26. Despite collecting and storing Plaintiff's biometrics, Defendant failed to provide any written disclosures describing its purpose for using Plaintiff's biometrics, or the duration of such use, it failed to make publicly available any biometric retention or destruction policy, and it

5

failed to obtain informed written consent from Plaintiff to use her biometrics, all in violation of BIPA.

27. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of herself and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> **Class**: All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period.

29. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

30. On information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

31. Plaintiff's claims are typical of the claims of the Class she seeks to represent, because the bases of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

32. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

6

a. Whether Defendant's biometric-enabled hardware and cloud-based system collect, capture, or otherwise obtain biometric identifiers or biometric information;

b. Whether Defendant obtains, collects, or relies on data or information that is derived or based on biometric identifiers;

c. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometric identifiers or biometric information;

d. Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometric identifiers or biometric information;

e. Whether Defendant profited from its collection and use of Plaintiff's and the Class' biometrics;

f. Whether Defendant's conduct violates BIPA;

g. Whether Defendant's BIPA violations are willful or reckless; and

h. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

33. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

34. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial

experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

35. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*
### (On behalf of Plaintiff and the Class)

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. Defendant is a private entity under BIPA.

38. BIPA requires that private entities in possession of biometric data establish and maintain a biometric data retention (and—importantly—deletion) policy. Specifically, those entities must make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (*i.e.*, when the employment relationship ends). *See* 740 ILCS 14/15(a).

39. Plaintiff and the other Class members are indiviudals who who had their biometrics collected and possessed by Defendant, as explained above.

40. Defendant obtains and stores biometrics on behalf of its clients in order to conduct employee-management and timekeeping services for them, and, on information and belief, maintains custody and control of the biometric information it possesses on its servers.

8

41. Despite obtaining and possessing Plaintiff's biometric information and in violation of Section 15(a) of the BIPA, Defendant has failed to make publicly available any biometric data retention and destruction policy.

42. BIPA also requires a private entity, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

43. Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

    a. Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

    b. Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    c. Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

9

      d.    Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3).

44.    BIPA also prohibits from selling, leasing, trading, or otherwise profiting from a person's or a customer's biometric identifier or biometric information. 740 ILCS 14/15(c).

45.    As described herein, Defendant profits by using the biometrics of its clients' employees. For instance, Defendant markets its biometric time clocks and associated software to employers as superior options to traditional time clocks, which can be deceived by "buddy punching"—where one employee punches in to or out of a time clock for another (absent) employee. By marketing its clocks in this manner, Defendant obtains a competitive advantage over other timekeeping vendors and secures profits from its use of biometric data, all while failing to comply with the minimum requirements for handling employees' biometric data established by the BIPA.

46.    BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

47.    Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

48.    Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

Tel: (312) 893-7002
tkingsbury@mcgpc.com
bduffner@mcgpc.com
sbeckham@mcgpc.om

*Attorneys for Plaintiff and the Putative Class*