IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SHARENA KING, individually and on behalf of similarly situated individuals, | ) ) ) |
| *Plaintiff*, | ) No. 21-cv-02774 ) |
| v. | ) Hon. Manish S. Shah ) |
| PEOPLENET CORPORATION, a Georgia corporation, | ) **Jury Trial Demanded** ) ) |
| *Defendant.* | ) ) |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Sharena King ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this First Amended Class Action Complaint against Defendant PeopleNet Corporation ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows based on personal knowledge as to her own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

**INTRODUCTION**

1.  BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and hand geometry. 740 ILCS 14/10.

2.  "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

3.  Under BIPA, biometric information is treated and regulated the same as biometric identifiers.

1

4. Defendant is a vendor of time and attendance solutions to Illinois employers, and provides its clients with biometrically-enabled devices and technology in order to perform workforce managment services on their behalf, such as timekeeping and work-scheduling services.

5. Defendant's technology captures the biometric identifiers of its clients' employees and transmits information and data derived from those biometric identifiers directly to Defendant's cloud-based time and attendance systems. This information that Defendant receives and possesses is generated and derived from the scanning of Plaintiff's and other Class members' biometric identifiers. Thus, Defendant obtains and possesses *biometric information*.

6. BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner from which it was converted, or is converted or stored, unless they first:

   a. inform that person in writing that biometric identifiers or biometric information will be collected or stored;

   b. inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

   c. receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

7. Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," 740 ILCS 14/5, and therefore require special treatment compared to other types of personal information. For example, even sensitive information like

Social Security numbers, when compromised, can be changed. "Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

8. Plaintiff brings this action for statutory damages as a result of Defendant's conduct in violating her biometric privacy rights under BIPA.

9. Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or through a prominently featured notice affixed to a biometric-enabled device.

10. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

11. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

12. On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

**PARTIES**

13. Defendant PeopleNet Corporation is a corporation organized under the laws of the state of Georgia. Defendant's principal place of business is in Boston, Massachusetts. Defendant is a vendor of cloud-based timekeeping and attendance-tracking products and services, and sells such products and services to clients located in Illinois.

14. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.,* because this case is a class action in which the amount in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant's states of citizenship; and none of the exceptions under subsection 1332(d) apply to this instant action.

16. This Court may assert personal jurisdiction over Defendant in accordance with the Constitution of the United States, because Defendant is doing business within this district and because Plaintiff's claims arise out of Defendant's unlawful in-state actions.

## FACTUAL ALLEGATIONS

17. Defendant is a leading provider of cloud-based time and attendance workforce management solutions. As part of its business model, Defendant provides its client employers with biometric-enabled timekeeping hardware, such as fingerprint and facial recognition scanners, which are linked to cloud-based systems hosted on Defendant's servers.

18. Accordingly, when an end-user of Defendant's biometric-enabled technology interacts with the technology, for example by scanning face using one of Defendant's facial-scanning timeclocks, the data generated is transmitted to Defendant for storage and authentication purposes.

19. Since 2006, Defendant has provided biometric timekeeping technology and services, including cloud-based services, to Paramount Staffing, Inc., a corporation organized under the laws of the state of Illinois with its principal place of business in Northbrook, Illinois.

4

20. Defendant collects, stores, and otherwise uses information and data generated from the biometric timekeeping systems it provided to Paramount Staffing, Inc., as well as other clients in Illinois, in order to conduct employee management, authentication, and timekeeping services for them.

21. During the relevant time period, Plaintiff worked for Paramount Staffing, Inc., in Chicago, Illinois.

22. During her employment with Defendant's client, Paramount Staffing, Inc., Plaintiff was required to scan her biometric identifiers, *i.e.* her facial geometry, into one of Defendant's biometric-enabled timekeeping devices each time she clocked in or clocked out of a shift at work.

23. Each time Plaintiff scanned her facial geometry into Defendant's timeclock, the timeclock collected her biometric identifiers, and converted them to an electronic format *derived from* those identifiers, i.e. biometric information. Defendant's timeclock then transmitted Plaintiff's biometric information to Defendant and/or Defendant's servers used to operate Defendant's cloud-based employee-management services.

24. Despite collecting and storing Plaintiff's biometrics, Defendant failed to provide any written disclosures describing its purpose for using Plaintiff's biometrics, or the duration of such use, and it failed to obtain informed written consent from Plaintiff to use her biometrics, all in violation of Section 15(b) of BIPA.

25. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

**CLASS ALLEGATIONS**

26. Plaintiff brings this action on behalf of herself and a class of similarly situated individuals pursuant to Fed. R. Civ. P. 23. Plaintiff seeks to represent a Class defined as follows:

> **Class**: All individuals whose biometric identifiers or biometric information were first collected, captured, or stored by Defendant within the state of Illinois anytime after April 2, 2016.

27. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

28. On information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

29. Plaintiff's claims are typical of the claims of the Class she seeks to represent, because the bases of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

30. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendant's biometric-enabled hardware and cloud-based system collect, capture, or otherwise obtain biometric identifiers or biometric information;

    b. Whether Defendant obtains, collects, or relies on data or information that is derived or based on biometric identifiers;

    c.    Whether Defendant provided written disclosures to the Class notifying them that their biometrics were being collected, and the length of term for which Defendant would use such biometrics;

    d.    Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometric identifiers or biometric information;

    e.    Whether Defendant's conduct violates BIPA;

    f.    Whether Defendant's BIPA violations are willful or reckless; and

    g.    Whether Plaintiff and the Class are entitled to damages and injunctive relief.

31. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

32. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

33. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure

compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b)
### (On behalf of Plaintiff and the Class)

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. Defendant is a private entity under BIPA.

36. Plaintiff and the other Class members are indiviudals who had their biometrics collected and possessed by Defendant, as explained above.

37. Defendant obtains and stores biometrics on behalf of its clients in order to conduct employee-management and timekeeping services for them, and, on information and belief, maintains custody and control of the biometric information it possesses on its servers.

38. BIPA requires a private entity, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, Section 15(b) of BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

39. Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

8

    a.    Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

    b.    Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    c.    Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    d.    Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3).

40. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

41. Defendant's violations of Section 15(b) of BIPA, a statutory provision in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

42. Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate Section 15(b) of BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with Section 15(b) of BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of Section 15(b) BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of Section 15(b) BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: March 31, 2022　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　SHARENA KING, individually and on behalf of similarly situated individuals

　　　　　　　　　　　　　　　　　By:　　/s/　　*Brendan Duffner*
　　　　　　　　　　　　　　　　　　　　*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Brendan Duffner

Steven R. Beckham
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
bduffner@mcgpc.com
sbeckham@mcgpc.om

*Attorneys for Plaintiff and the Putative Class*